# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANDRE LANIER,

          Petitioner,    :          Case No. 2:24-cv-3931

    - vs -          District Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Michael R. Merz

WARDEN, Noble
Correctional Institution,

                          :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Andre Ranier with the assistance of retained counsel, is before the Court for decision on the merits. Relevant pleadings are the Amended Petition (ECF No. 3), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9) and Petitioner's Reply (ECF No. 10). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

**Litigation History**

On March 5, 2015, the Belmont County grand jury indicted Lanier on one count of possession of drugs (cocaine) in violation of Ohio Rev. Code § 2925.11(A)(C)(4)(e); one count of

1

trafficking in drugs (cocaine) in violation of Ohio Rev. Code § 2925.03(A)(2)(C)(4)(f); one count of possession of drugs (Ecstasy) in violation of Ohio Rev. Code § 2925.11(A)(C)(1)(c); and one count of trafficking in drugs (Ecstasy) in violation of Ohio Rev. Code § 2925.03 (A)(2)(C)(1)(d). Lanier initially pleaded not guilty and moved to suppress the seized drugs. As a result of plea negotiations, however, he withdrew the motion and pleaded guilty to amended charges.

Lanier then failed to appear for sentencing and it required over five years to execute the capias. Upon return of Lanier to custody, he was sentenced to an aggregate sentence of eight years imprisonment. The Seventh District Court of Appeals reversed for a defective plea colloquy and remanded.

On remand Lanier filed a new motion to suppress which was denied as untimely. After the indictment was amended, Lanier pled no contest and was sentenced to eleven years imprisonment. He again appealed to the Seventh District which affirmed. *State v. Lanier*, 2023-Ohio-3088 (7th Dist. Aug. 31, 2023). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Lanier,* 173 Ohio St.3d 1456 (Apr 16, 2024). Lanier then filed his Petition in this Court, pleading the following grounds for relief:

> **GROUND 1:** The Petitioner was denied effective assistance of counsel when counsel failed to file a motion to suppress timely.
>
> **GROUND 2:** Petitioner was denied due process under the Fourteenth Amendment when the trial court imposed a harsher sentence following a successful appeal under the holding in *North Carolina v. Pearce.*

(Petition, ECF No. 1, Page ID 7, 13).

# Analysis

### Ground One: Ineffective Assistance of Trial Counsel: Untimely Filing Of Motion To Dismiss

2

In his First Ground for Relief, Lanier asserts he received ineffective assistance of trial counsel when his attorneys failed to file his motion to suppress in a timely manner. Lanier presented this claim as his second assignment of error on direct appeal and the District decided it as follows:

> ¶60} Appellant argues that defense counsel provided ineffective assistance because both his original and post-remand counsel failed to timely file the motion to dismiss/suppress. A claim of ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In evaluating an alleged deficiency in performance, the reviewing court must determine whether there was "a substantial violation of any of defense counsel's essential duties to his client." *State v. Bradley,* 42 Ohio St.3d 136, 141, 538 N.E.2d 373 (1989). Appellate court review is highly deferential to defense counsel's decisions as there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. Id. at 142-143, 538 N.E.2d 373, (there are "countless ways to provide effective assistance in any given case"), citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.
>
> {¶61} Further, a reviewing court should not second-guess the strategic decisions of counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Even debatable trial tactics do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101.
>
> {¶62} In order to demonstrate prejudice, counsel's errors must be so serious that there is a reasonable probability the result of the proceedings would have been different. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965. Lesser tests of prejudice have been rejected: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d at 142, fn. 1, 538 N.E.2d 373, quoting Strickland, 466 U.S. at 693, 104 S.Ct. 2052. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair due to the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).
>
> {¶63} With respect to Attorney Burke, we find the motion clock expired in 2015. Accordingly, Attorney Burke did not render

> ineffective assistance of counsel because it was impossible for him to file a timely motion. It can be argued that Attorney Burke provided ineffective assistance of counsel when he failed to argue that the interests of justice required that the second motion to dismiss/suppress should be considered based on the withdrawal of the original motion to suppress and dismiss in exchange for Appellant's original plea. However, the original motion to suppress and dismiss was also untimely filed and unaccompanied by a motion for leave.
>
> {¶64} Appellant argues that his original defense counsel was ineffective based on the merits of the motion to suppress and dismiss, and contends that defense counsel should have timely filed the motion. However, the timeliness of the motion became irrelevant when Appellant withdrew the motion in exchange for his plea. Appellant received a substantial benefit from his plea. Two counts in the indictment were dismissed and the remaining two counts were amended to reduce the degree of the crime charged, which resulted in a three-year reduction in the maximum sentence for amended count one and the imposition of concurrent sentences.
>
> {¶65} Further, on remand, the state extended a slightly-modified, but consequentially-similar plea offer to Appellant. Appellant could have entered a plea to a felony of the second degree and two felonies of the third degree. Presumably, two of the convictions would have merged, and the trial court would have imposed the same maximum sentences to be served concurrently that were imposed at the original sentencing hearing. In other words, following remand, the case was effectively reinstated in precisely the same condition that existed before the trial court's error at sentencing. Appellant could have obtained the benefit of original trial counsel's deal with the state in exchange for his plea. Because Appellant chose instead to enter a plea of no contest in order to preserve his challenge to the trial court's decision on the second motion to suppress and dismiss, we find that original defense counsel did not provide ineffective assistance.
>
> {¶66} Having reviewed the performance of both of Appellant's counsel, we conclude that Appellant has failed to demonstrate that he received ineffective assistance. Accordingly, his second assignment of error has no merit.

*State v. Lanier, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a

4

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In this case the Seventh District decided Lanier's ineffective assistance of trial counsel claim on the merits, applying *Strickland v. Washington,* 466 U.S. 668 (1984).  *Strickland* provides:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

5

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*,  466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest

6

> case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

To prevail on his First Ground for Relief, Lanier must show that the Seventh District's decision was contrary to or an objectively unreasonable application of *Strickland*. He acknowledges this burden and argues he has met it because the motion to suppress had clear merit and it was withdrawn without Lanier's consent.

As Respondent points out, Lanier provides no record reference to show he objected to the withdrawal and he accepted the plea deal which included withdrawal of the motion to suppress. Petitioners claim that the motion to suppress had clear merit is completely speculative. As the Seventh District found, he did not provide that court with an opportunity to consider the merits of the motion to suppress. The court held: "Of equal import, the search warrant and affidavit at issue in the suppression motions is not a part of the record, and as a consequence, we cannot undertake a merits analysis." *Lanier* at ¶ 55. In other words appeal on the ineffective assistance of trial counsel claim focused entirely on the deficient performance prong of *Strickland*.

The Seventh District's decision of Lanier's ineffective assistance of trial counsel claim is not an objectively unreasonable application of *Strickland*. His First Ground for Relief should therefore be dismissed.

**Ground Two: Vindictive Sentencing on Remand**

In his Second Ground for Relief, Lanier claims he was vindictively sentenced to a long term of imprisonment after he successfully appealed his first sentence. This result is said to be

7

contrary to the decision in *North Carolina v. Pearce*, 395 U.S. 711 (1969), where the Supreme Court held:

> In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence.

395 U.S. at 726. *See also United States v. Goodwin*, 457 U.S. 368 (1982). A defendant who does not have the benefit of the presumption can still prevail if he can show actual vindictiveness. *Craycraft v. Cook*, 634 Fed. Appx. 490 (6th Cir. 2015); *United States v. Jackson*, 181 F. 3d 740, 744 (6th Cir. 1999); *Rahab v. Buchanan*, 2018 U.S. Dist. LEXIS, 2018 WL 2764454 (S.D. Ohio June 8, 2018).

Lanier raised this claim as his third assignment of error on direct appeal and the Seventh District decided it as follows:

> {¶67} Appellant argues that his post-remand sentence is unconstitutional, as his sentence increased following remand and there was no new information in the PSI or presented to the court supporting the increased sentence. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held when a trial court imposes a longer sentence after a successful appeal there exists a presumption of vindictiveness that impacts the defendant's constitutional right to appeal. In order to overcome the presumption, the increase must be justified by events that transpired subsequent to the first trial. *Id.* at 723-724. Twenty years later, in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d. 865 (1989), the Supreme Court significantly narrowed the presumption, holding the presumption only exists when there is a reasonable likelihood that an unexplained increase in a defendant's sentence following remand is the product of actual vindictiveness on the part of the sentencing court. Where there is no such reasonable likelihood, the defendant has the burden of proving actual vindictiveness.

8

> {¶68} Contrary to Appellant's assertion, there was no "unexplained" increase in Appellant's sentence here. At the hearing, the trial court recognized Appellant's original sentence was the result of a negotiated plea. In exchange for Appellant's guilty plea, the state dismissed two charges and amended the remaining two charges from a felony one and two to a felony two and three.
>
> {¶69} Appellant contends that no new facts were introduced upon which the trial court could rely to increase Appellant's sentence. However, post-remand, Appellant entered a plea of guilty to possessing and distributing a larger quantity of drugs than at the original sentencing hearing. Accordingly, we find the increase in the quantity of drugs possessed and trafficked constitutes a new fact, therefore, no presumption of vindictiveness arises in this case. The record reflects the trial court imposed the maximum sentences to be served concurrently at both sentencing hearings.
>
> {¶70} We further find there is no evidence of actual vindictiveness in the record. Appellant contends that the trial court gave undue deference to the recommendation of the state regarding the imposition of the maximum sentences at the sentencing hearing. While it is true that the trial court requested the state's response to defense counsel's argument regarding the presumption of vindictiveness, and sought the state's recommended sentence, there is no evidence in the record that the trial court abdicated its ultimate authority on sentencing to the state.
>
> {¶71} Based on the charges to which Appellant entered his plea of no contest, we find no "unexplained" increase in Appellant's sentence and no evidence of actual vindictiveness. Accordingly, we find Appellant's third assignment of error has no merit.

*Lanier, supra.*

As the record makes clear, this was not a re-sentencing upon the original convictions, but rather an initial sentencing on convictions resulting from the new plea bargain.  We do not know the course of negotiations after Lanier's recapture, but it is evident the prosecutor was unwilling to make the same plea deal again, perhaps reflecting Lanier's absconding for more than five years.  Lanier pleaded guilty voluntarily to the amended charges.  He has not claimed his second guilty plea was other than knowing, intelligent, and voluntary.  And such a plea waives any prior

9

constitutional violations. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Lanier has not shown the Seventh District's application of Pearce is objectively unreasonable. His second ground for relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed on the merits. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 18, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.