**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ANDRE LANIER,

                    Petitioner,    :      Case No. 2:24-cv-03931

   - vs -                           District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

  WARDEN,
  Noble Correctional Institution,

                                 :
                Respondent.

---

## SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought by Petitioner Andre Lanier with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 12).  Respondent has replied to the Objections (ECF No. 19), and District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 20).

Upon initial review, the undersigned finds that the Objections are sufficiently extensive that the best course to focus analysis is to withdraw the Report and file a substitute.  Accordingly, the Report (ECF No. 12) is WITHDRAWN and the following is substituted for it.

Petitioner pleads two grounds for relief:

> **GROUND 1:** The Petitioner was denied effective assistance of counsel when counsel failed to file a motion to suppress timely.

1

> **GROUND 2:** Petitioner was denied due process under the Fourteenth Amendment when the trial court imposed a harsher sentence following a successful appeal under the holding in *North Carolina v. Pearce.*

(Amended Petition, ECF No. 3, Page ID 29, 35).

**Ground One: Ineffective Assistance of Trial Counsel**

As this claim was presented to the Seventh District Court of Appeals on direct appeal, it encompassed two ineffective assistance of trial counsel claims, one against Lanier's original trial attorney, Joseph Vavra, who filed Lanier's original Motion to Suppress and Dismiss on July 29, 2015 (State Court Record, ECF No. 8, Ex. 3), and the second against Adam Burke, Lanier's trial attorney on remand, who filed the Motion to Suppress after remand on September 19, 2022. *Id.* at Ex. 16.

Because the remand put the case in the same posture as it had before appeal, the Seventh District found Attorney Burke's assistance was not ineffective because the original motion to suppress was untimely and that untimeliness could not be charged to Attorney Burke. *State v. Lanier*, 2023-Ohio-3088, ¶ 65 (7th Dist. August 31, 2023). The Seventh District also held the untimeliness of the first motion "became irrelevant when Appellant withdrew the motion in exchange for his plea." *Id.* at ¶ 64.

The Report noted the obligation of habeas courts to defer to state court decisions on the merits unless they are objectively unreasonable applications of the relevant Supreme Court precedent. The Report recited this standard and noted that Petitioner accepted his burden under that standard (Report, ECF No. 12, PageID 591). The Magistrate Judge further noted that Petitioner contended he met that standard "because the motion to suppress had clear merit and it

2

was withdrawn without Lanier's consent." *Id.* The Report rejected those arguments because Lanier provided no evidence of objection to withdrawal and withdrawal of the motion had been part of the original plea bargain. *Id.* The Magistrate Judge accepted the Seventh District's assertion that it could not review the merits of the motion to suppress because the search warrant and supporting affidavit were not part of the record. *Id.*

**Objection One:**

Petitioner's First Objection is that the search warrant and affidavit are in fact part of the appellate record (Objections, ECF No. 18, PageID 607). The State Court Record as filed by Respondent supports Petitioner's assertion: although the search warrant and supporting affidavit were not part of the appellate record as first transmitted, they were added on Petitioner's Motion (State Court Record, ECF No. 8, Exs. 28-30). The Report's acceptance of this mistake by the Seventh District is clearly erroneous and the Objection is sustained.

**Objection Two:**

Petitioner's Second Objection is *Objection Two: The magistrate's finding that the state court's fact-finding was reasonable was demonstrably incorrect."* (Objections, ECF No. 18, PageID 608). This Objection is limited to the fact covered in Objection One, to wit, that the search warrant and affidavit were part of the appellate record. This Objection is sustained on the same basis as the First Objection.

**Objection Three:**

Petitioner's Third Objection is that "Petitioner pleaded no-contest, not guilty to the indictment." (Objections, ECF No. 18, PageID 609).  He quotes the Report as finding Lanier "has not claimed his second guilty plea was other than knowing, intelligent, and voluntary. And such a plea waives any prior constitutional violations." (Report, ECF No. 12, PageID 593-94).  That is a misstatement of fact; Lanier's ultimate plea, the one leading to the sentence he is now serving, was no contest.  The Report is correct, however, that Lanier has not claimed his no contest plea was other than knowing, intelligent, and voluntary.

**Objection Four:  "The magistrate's finding that the motion to suppress was speculative is incorrect."**

What the Magistrate Judge actually wrote at this point in the Report is "Petitioner's claim that the motion to suppress had clear merit is completely speculative."  Thus the Magistrate Judge's finding is that the **claim** of clear merit made in this proceeding is completely speculative, not that the Motion to Suppress itself was speculative.

Petitioner writes in support of this Objection that

> The claim here is not a nuanced request of the lower court to suppress the search and contraband found. It is based solely on the affidavit, which the petitioner has already established was in the Municipal Court record. It has also been shown to be in the pretrial motion filed by counsel on remand.
>
> The search warrant was fatally flawed. The application for the warrant contained the affidavit of Patrolman Sirianni, where he claimed that he had information from a confidential informant that drug activity was taking place at the residence. The affidavit has no information that this confidential informant is credible. An affidavit

4

based on a confidential informant's tip need not detail the observations from which the informant concluded the substance was a narcotic. However, if the affidavit contains a conclusory statement, such as "the informant saw cocaine," it must also include strong indicia of the informant's reliability. **Accord, e.g., United States v. Finch, 998 F.2d 349, 352 (6th Cir. 1993) (based on unnamed informant's record of furnishing reliable information in narcotics cases, inference of familiarity with drugs reasonable); see also United States v. Skramstad, 649 F.2d 1259, 1263 (8th Cir. 1981) (same)**. There is no such strong indication of reliability. On its face, this information is unreliable.

A "bare bones" affidavit provides no information on why a source is reliable or how it knows specific facts; instead, it contains mere conclusions, suspicions, or beliefs of the affiant or an informant. **See Finch, 998 F.2d at 352; United States v. Ciammitti, 720 F.2d 927, 932 (6th Cir. 1983), cert. Denied, 466 U.S. 970 (1984)**. Reliance on a "bare bones" affidavit is objectively unreasonable. **U.S. v. Leon, 468 U.S. 897, 922-23**. Here, the officer provided only that he used an informant, and they had viewed drugs. There is no attempt to verify the informant's reliability. Given the vital role confidential informants can play in advancing criminal investigations, courts have carefully balanced the measures necessary to validate an informant's reliability. **See, e.g., United States v. Kinison, 710 F.3d 678, 683 (6th Cir. 2013).**

In **United States v. Allen, 211 F.3d 970, the Sixth Circuit** did not require independent corroboration of information received from a confidential informant because the informant, for "over five years," was "personally known to the detective who swore the affidavit." **Id.; see also United States v. Pinson, 321 F.3d 558, 563 (6th Cir. 2003) (finding probable cause to issue search warrant where "the officers personally knew the confidential informant . . . and characterized the informant as reliable").** That familiarity alone was enough to deem the informant reliable, for purposes of establishing probable cause. This is not present in this case.

Also, if the affiant officer avers that another officer has vouched for the informant's reliability, that too will typically satisfy our reliability inquiry. **See United States v. Brown, 732 F.3d 569, 574 (6th Cir. 2013) (citation omitted) (Officer's "statement that he was personally aware that the informant had provided information leading to convictions of at least two federal defendants suffices [] to establish that the informant . . . was reliable."); see also United States v. Greene, 250 F.3d 471, 480 (6th Cir. 2001) (Officer "averred that the confidential informant**

5

> **had assisted federal and state law enforcement officials in the past and this information had resulted in numerous felony arrests," meaning "the magistrate could reasonably have relied on the information gained from the confidential informant for the search warrant.").** There is no indication that any other officer had used this informant, thereby lending to their credibility.
>
> As this affidavit contains no information other than that this informant saw drugs, there is an excellent possibility that this suppression motion would be granted.

(Objections, ECF No. 18, PageID 609-11, emphasis sic).

The Objections make no response to the Report's finding that the motion to suppress was withdrawn as part of the plea agreement nor do they provide any record reference to Lanier's claim that he did not consent to the withdrawal.  The claim that the motion had merit, particularly as shown by case citations to the required information in an affidavit in support of a search warrant, is irrelevant.  It is not ineffective assistance of trial counsel to withdraw a motion to suppress to fulfill a condition of a plea bargain which has been knowingly, voluntarily and intelligently accepted.

**Ground Two:  Vindictive Sentencing**

Lanier's Second Ground for Relief is that his sentence was vindictively increased after he successfully appealed.  The Seventh District Court of Appeals rejected this claim, noting that a larger quantity of drugs was involved with the second plea.  *State v. Lanier*, 2023-Ohio-3088, ¶ 69 (7th Dist. Aug. 31, 2023).  The Court of Appeals also found no evidence of actual vindictive sentencing.  *Id.* at ¶ 70.  It is also clear from the record that Lanier had absconded for five years after his initial plea of guilty.  While Lanier points out that the sentencing judge did not expressly rely on that fact in his sentencing entry, the fact was plain on the face of the record.  *North Carolina*

6

*v. Pearce*, 395 U.S. 711(1969), the precedent under which Lanier claims, does not hold that the resentencing judge's reasons for increase must be incorporated in an opinion, but only that they must appear in the record.  Lanier asserts in his Objections that the weight did not change, but that is directly contrary to the finding of fact on that point by the Seventh District.

**Certificate of Appealability**

The Report recommends that Lanier be denied a certificate of appealability.  Lanier objects asserting that reasonable jurists could disagree with the conclusion about the filing of a motion to suppress based on the inadequacy of the search warrant affidavit.  But, as noted above, the motion to suppress claim was withdrawn as part of the plea agreement.  The effect of that withdrawal  -- to exclude consideration of a possible motion to suppress from the analysis of the case – would not be debatable among reasonable jurists.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge respectfully adheres to his prior recommendation that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would not be in objectively good faith and therefore should not be permitted to proceed *in forma pauperis*.

April 14, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

7

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #