# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANDRE LANIER,

                           Petitioner,    :      Case No. 2:24-cv-03931

   - vs -                                  District Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Michael R. Merz

 WARDEN,
 Noble Correctional Institution,

                                   :
            Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case, brought by Petitioner Andre Lanier with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Substituted Report and Recommendations recommending dismissal (the "Report," ECF No. 21).  Respondent has replied to the Objections (ECF No. 23) and the case is ripe for decision.  As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

**Litigation History**

On March 5, 2015, the Belmont County grand jury indicted Lanier on one count of possession of drugs (cocaine) in violation of Ohio Rev. Code § 2925.11(A)(C)(4)(e); one count of trafficking in drugs (cocaine) in violation of Ohio Rev. Code § 2925.03(A)(2)(C)(4)(f); one count of possession of drugs (Ecstasy) in violation of Ohio Rev. Code § 2925.11(A)(C)(1)(c); and one

1

count of trafficking in drugs (Ecstasy) in violation of Ohio Rev. Code § 2925.03 (A)(2)(C)(1)(d)(Indictment, State Court Record, ECF No. 8, Ex. 1).

Lanier initially pleaded not guilty and moved to suppress the seized drugs. *Id.* at Exs. 2 and 3. As a result of plea negotiations, Lanier appeared in open court with his attorney Joseph Vavra on August 15, 2015, withdrew the motion to suppress and pleaded guilty to amended charges (Journal Entry, State Court Record, ECF No. 8, Ex. 4). The Entry recites "The Motion to Suppress was withdrawn by Defendant. . . ." *Id.* at PageID 71. On September 14, 2015, Lanier failed to appear for sentencing and the court issued a capias warrant for his arrest. *Id.* at Ex. 6. After his capture, he retained new counsel and was sentenced to eight years imprisonment on Count 1 and three years concurrent time on Count IV[1]. *Id.* at Ex. 9.

Despite having pleaded guilty, Lanier appealed, represented by Attorney Wesley Johnston. He pleaded the following assignments of error:

> Assignment of Error I. The court committed an error when sentencing Lanier to maximum sentence.
>
> Assignment of Error II. The trial court committed error when it did not order an updated presentence investigation report.
>
> Assignment of Error Ill. Lanier was denied effective assistance of counsel as guaranteed by section 10, article I, of the Ohio Constitution and the Sixth and Fourteenth Amendment of United States Constitution.
>
> Assignment of Error IV. The trial court failed to strictly comply with Rule 11 's constitutional requirement when taking Lainer's [sic] plea.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 13, PageID 105). In deciding the appeal.

The Seventh District sustained Assignment of Error IV on the plea colloquy and found the others

---

[1] Judge Fregiato filed nunc pro tunc entries replacing those filed before Lanier absconded (State Court Record, ECF No. 8, Exs. 10, 11).

moot. *State v. Lanier*, 2022-Ohio-2024 (Ohio App. 7th Dist. Jun. 10, 2022).

After remand, now represented by Attorney Adam Burke, Lanier filed a new motion to suppress (State Court Record, ECF No. 8, Ex. 16). After Judge Fregiato denied it summarily as untimely, Lanier sought leave to file late (Motion, State Court Record, ECF No. 8, Ex. 18). Judge Fregiato denied that motion and Lanier proceeded to plead no contest (State Court Record, ECF No. 8, Ex. 23). After sentence was imposed, Lanier again appealed to the Seventh District, pleading the following assignments of error:

> **Assignment of Error I**
>
> The trial court erred in overruling appellant's motion to suppress and erred again when it subsequently denied leave to file the motion out of rule.
>
> **Assignment of Error II**
>
> Appellant was denied effective assistance of counsel because his attorney did not file the motion to suppress evidence within the time provided in Crim. R. 12(d).
>
> **Assignment of Error III**
>
> The trial court violated appellant's due process rights under the Fourteenth Amendment to the United States Constitution because it imposed a harsher sentence following a successful appeal.
>
> **Assignment of Error IV**
>
> The trial court erred in sentencing appellant to the maximum sentence.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 26, PageID 246).

The Seventh District found there was no error in denying Lanier's motion for leave to file his motion to suppress out of time. *State v. Lanier*, 2023-Ohio-3088 ¶¶ 51, 59 (Ohio App. 7th Dist. Aug. 31, 2023). On the claim of ineffective assistance of trial counsel, the court found Lanier's

3

attorney on remand, Attorney Burke, could not be found to have been ineffective because the time

for filing the motion to suppress had already expired by the time he became counsel. *Id.* at ¶ 63.

As to Lanier's original counsel, Attorney Vavra, the Seventh District found

> ¶ 64 [T]he timeliness of the motion became irrelevant when Appellant withdrew the motion in exchange for his plea. Appellant received a substantial benefit from his plea. Two counts in the indictment were dismissed and the remaining two counts were amended to reduce the degree of the crime charged, which resulted in a three-year reduction in the maximum sentence for amended count one and the imposition of concurrent sentences.

> {¶65} Further, on remand, the state extended a slightly-modified, but consequentially-similar plea offer to Appellant. Appellant could have entered a plea to a felony of the second degree and two felonies of the third degree. Presumably, two of the convictions would have merged, and the trial court would have imposed the same maximum sentences to be served concurrently that were imposed at the original sentencing hearing. In other words, following remand, the case was effectively reinstated in precisely the same condition that existed before the trial court's error at sentencing. Appellant could have obtained the benefit of original trial counsel's deal with the state in exchange for his plea. Because Appellant chose instead to enter a plea of no contest in order to preserve his challenge to the trial court's decision on the second motion to suppress and dismiss, we find that original defense counsel did not provide ineffective assistance.

*Id.*

The Seventh District also rejected Lanier's vindictive sentencing assignment of error.  It

noted the presumption of vindictiveness the Supreme Court had recognized in *North Carolina v.*

*Pearce*, 395 U.S. 711 (1969), as arising when a defendant receives a higher sentence after  a

successful appeal, but it also noted the Supreme Court had significantly narrowed the presumption

in *Alabama v. Smith*, 490 U.S. 794 (1989), where it held the presumption only exists when there

is a reasonable likelihood that an unexplained increase in a defendant's sentence following remand

is the product of actual vindictiveness on the part of the sentencing court. Where there is no such

reasonable likelihood, the defendant has the burden of proving actual vindictiveness.  *State v.*

*Lanier, supra*, at ¶ 67.  It went on to find

> {¶68} Contrary to Appellant's assertion, there was no "unexplained" increase in Appellant's sentence here. At the hearing, the trial court recognized Appellant's original sentence was the result of a negotiated plea. In exchange for Appellant's guilty plea, the state dismissed two charges and amended the remaining two charges from a felony one and two to a felony two and three.
>
> {¶69} Appellant contends that no new facts were introduced upon which the trial court could rely to increase Appellant's sentence. However, post-remand, Appellant entered a plea of guilty to possessing and distributing a larger quantity of drugs than at the original sentencing hearing. Accordingly, we find the increase in the quantity of drugs possessed and trafficked constitutes a new fact, therefore, no presumption of vindictiveness arises in this case. The record reflects the trial court imposed the maximum sentences to be served concurrently at both sentencing hearings.
>
> {¶70} We further find there is no evidence of actual vindictiveness in the record. Appellant contends that the trial court gave undue deference to the recommendation of the state regarding the imposition of the maximum sentences at the sentencing hearing. While it is true that the trial court requested the state's response to defense counsel's argument regarding the presumption of vindictiveness, and sought the state's recommended sentence, there is no evidence in the record that the trial court abdicated its ultimate authority on sentencing to the state.

*State v. Lanier, supra.*  Thus the Seventh District affirmed.  Lanier appealed *pro se* to the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. Lanier,* 173 Ohio St.3d 1456 (2024).  Petitioner, again represented by counsel, filed his Petition in this Court, pleading two grounds for relief:

> **GROUND 1:** The Petitioner was denied effective assistance of counsel when counsel failed to file a motion to suppress timely.
>
> **GROUND 2:** Petitioner was denied due process under the Fourteenth Amendment when the trial court imposed a harsher sentence following a successful appeal under the holding in *North Carolina v. Pearce.*

(Amended Petition, ECF No. 3, Page ID 29, 35).

5

# Analysis

**Ground One:  Ineffective Assistance of Trial Counsel**

Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed to file a timely motion to suppress.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Substituted Report recommends denying Ground One because the Seventh District found the timeliness of the first motion to suppress – that made by Attorney Vavra – became irrelevant when that motion was withdrawn as part of the plea agreement.

Petitioner's Objections spend considerable time arguing the merits of the motion to suppress (ECF No. 22, PageID 638-40).  Upon *de novo* review, however, the Court agrees with the Magistrate Judge and the Seventh District:  the merits of the motion to suppress are irrelevant because it was withdrawn as part of the plea negotiations in 2015.  Petitioner objected that he did

not consent to the withdrawal.  The Report noted he agreed to the plea deal and did not verbally object at the plea colloquy.  Petitioner now objects "As the court knows, a judge in federal or state court will not allow a represented defendant to make legal arguments or objections", followed by citation to Ohio authority disallowing hybrid representation (Objections, ECF No. 22, PageID 641).  That is too simplistic an analysis.  Without allowing hybrid representation, there are numerous occasions when judges in taking pleas address a defendant directly and expect a direct response.  Lanier won his first appeal because the trial judge did not include jury waiver in the plea colloquy.

Lanier next argues there was no waiver because his counsel at sentencing in 2022 indicated he intended to appeal the suppression decision and had pled no contest instead of guilty for that purpose (Objections, ECF No. 22, PageID 641-42).  The Court does not doubt that Lanier wanted to litigate his Fourth Amendment claim in 2022, but the Seventh District held he was not entitled to a "do over" because of the remand.

**Ground Two:  Vindictive Sentencing**

In considering Lanier's vindictive sentencing claim, the Seventh District applied the relevant Supreme Court precedent, *North Carolina v. Pearce* and its progeny.  The Magistrate Judge found that application was objectively reasonable and recommended dismissal of Ground Two (Report, ECF No. 21, PageID 632-33).

Petitioner's Objections focus on the trial judge's failure to recite his reasons for giving a longer sentence.  However, the Supreme Court precedent does not require such a recitation; it is sufficient, as the Seventh District found, that there are justifying facts on the face of the record.

7

**Certificate of Appealability**

The Magistrate Judge recommended denial of a certificate of appealability because he concluded reasonable jurists would not disagree with dismissal of both Grounds for Relief (Report, ECF No. 21, PageID 633).  Lanier objects that reasonable jurists could find merit in the motion to suppress (Objections, ECF No. 22, PageID 647-48).  The Court agrees, but also agrees with the Seventh District that that is irrelevant because the motion to suppress was withdrawn as part of the plea agreement.  That point would not be debatable among reasonable jurists.

**Conclusion**

Having reviewed the Magistrate Judge's Substituted Report *de novo* in light of Petitioner's Objections, the Court adopts the Substituted Report and overrules Petitioner's Objections.  The Clerk will enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated:  7/7/2026

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge

8